OPINION
Petitioner Carl Steven Lewis appeals a summary judgment of the Court of Common Pleas of Coshocton County, Ohio, which dismissed his petition for post-conviction relief brought pursuant to R.C. 2953.21. The trial court held the petition was not timely filed under the statute, and also held reasonable minds could not differ regarding the merits of the petition. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ERROR NO. I.
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHERE THE RESPONDENT-APPELLEE WAS GRANTED SUMMARY JUDGMENT WHEN THERE REMAINED GENUINE ISSUES OF MATERIAL FACT IN THE CASE.
ERROR NO. II
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW DEPRIVING APPELLANT OF HIS SIXTH AND FOURTEENTH AMENDMENT RIGHTS TO CONFRONTATION, CROSS-EXAMINATION AND AN IMPARTIAL TRIBUNAL.
ERROR NO. III
 THE TRIAL COURT COMMITTED PLAIN ERROR IN NOT VACATING OR SETTING AISE[SIC] THE APPELLANT'S CONVICTION AND SENTENCE FOR AGGRAVATED MURDER WHERE THE JURY ACTUALLY ACQUITTED HIM OF THE CAUSATION ELEMENT OF THAT OFFENSE.
The record indicates appellant was convicted and sentenced in January of 1990 for complicity to commit aggravated murder with an aggravated robbery specification, unlawful possession of a dangerous ordinance, aggravated robbery with a firearm specification, and gross abuse of a corpse. Appellant took a direct appeal of his conviction to this court, and we affirmed his conviction in State v. Lewis (February 13, 1991), Coshocton Appellate # 90-CA-3, unreported.
Appellant filed the within petition on April 17, 1997.
R.C. 2953.21 requires a petition be filed within 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal from the judgment of conviction, or if no appeal is taken, no later than 180 days after the expiration of time for filing the appeal. The statute also contains a saving provision, which extends the date to file a petition to within one year of the effective date of the amendment of the statute, which is September 21, 1995. Thus, appellant had or until September 21, 1996 to file his petition. In addition, R.C. 2953.23 provides an exception to the filing requirements, requiring the petitioner to demonstrate either he was unavoidably prevented from discovering the facts which form the basis of the petition, or that the United States Supreme Court recognized a new federal or state right applying retroactively to persons in his situation. In the alternative, a petitioner may show by clear and convincing evidence that but for a constitutional error at trial, no reasonable fact finder would have found him guilty of the offense.
We find the petitioner has not demonstrated any exception applies to his petition. For this reason, we find the trial court correctly found appellant's petition was not timely filed pursuant to R.C. 2953.21. We conclude the trial court was correct in dismissing appellant's petition.
Each of appellant's assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur
 JUDGMENT ENTRY
CASE NO. 97CA16
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.